UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW BRADY,

      Plaintiff,

v.                                     Case No. 8:06-cv-191-T-24MAP

SANTA SWEETS, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court for consideration of Defendant's[1] Motion for Attorneys' Fees and Costs (Doc. No. 26).[2] Plaintiff filed a response in opposition thereto (Doc. No. 27).

**I.**    **Background**

On December 21, 2005, Plaintiff filed this action against Defendant (Doc. Nos. 1 and 2). In the complaint, Plaintiff asserted claims for violation of the Florida Civil Rights Act of 1992, § 760.01 *et seq.* ("FCRA")(Count I), violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII")(Count II), and retaliation in violation of the Florida Whistleblower Act, Florida Statute § 448.101 *et seq.* (Count III). On March 30, 2007, this Court granted Defendant's motion for summary judgment and entered judgment in Defendant's favor (Doc. Nos 22 and 23). In granting Defendant's motion for summary judgment, this Court held

---

[1] Ag-Mart Produce, Inc. ("Ag-Mart") d/b/a Santa Sweets, Inc.

[2] Defendant moved for costs, which were, in accordance with Fed. R. Civ. P. 54(d), taxed by the Clerk of Court (Doc. No. 25). To date Plaintiff has not moved for a review of such costs.

that Plaintiff could not establish a prima facie showing under Title VII or the FCRA. Moreover, the Court found that since Plaintiff had not established that Defendant actually violated a law, rule, or regulation in that he did not establish that Defendant discriminated against him, his claim under the Florida Whistleblower Act failed.

## II.   Defendant's Motion For Attorneys' Fees

Defendant moves for attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(f), Fed. R. Civ. P. 54(d) and Local Rule 4.18. Defendant argues in part that it is entitled to an award of attorneys' fees because Plaintiff's claims were frivolous. Plaintiff counters that his belief that he was being subjected to discrimination, and ultimately retaliation, was objectively reasonable and that his claims were not frivolous.

Under Title II, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs[.]" 42 U.S.C. § 2000e-5(k). The Supreme Court in Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421 (1978), held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." See also Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005).

With respect to an award of attorneys' fees under Title VII, the FCRA incorporates the Title VII federal standard. See McCoy v. Pinellas County, 920 So. 2d 1260, 1262 (Fla. 2nd DCA 2006). Under the Florida Whistleblower Act, "[a] court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Florida Statute § 448.104. An award of attorneys' fees under the Florida Whistleblower Act is not automatic and is left to the discretion

of the court. Whether the Plaintiff's case is frivolous may be a factor to consider in the court's exercise of its discretion. See Bell v. Georgia-Pacific Corp., 2005 WL 1618223, *1 (M.D. Fla. July 6, 2005).

After a careful review of the motion, the response, and the record, this Court is unable to characterize the Plaintiff's action as frivolous, unreasonable, or without foundation. Furthermore, this Court declines to award attorneys' fees under the Florida Whistleblower's Act. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Attorneys' Fees and Costs (Doc. No. 26) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of April, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record